By the Court.—Monell, Ch. J.
The bill of exceptions in this case is so loosely made up, that it is difficult to determine whether the affidavit commented on by the court, was or was not in evidence. It does not seem to have been read or offered; nor does it. appear what ruling was made upon it, when it was handed to the court “ to be read by the court.” Yet it was frequently alluded to by the witnesses, and by the court; and was the subject of pointed comment and criticism. If it was not in evidence, then all reference or' allusion to it, by witnesses, court or counsel, was improper ; and the learned judge erred in submitting any question arising upon it, to the jury (Fay v. Grimstead, 10 Barb. 321). It seems to have been conceded, that if the money had been paid over by the defendant, with the authority and consent of the plaintiff, it would be a defense to the action. Hence, the question of authority and consent was left upon the evidence to the jury.
A condition, upon the performance of which this, question could only be determined, was, that an affidavit should be furnished the stakeholder, that the right horse had run ; and the jury were instructed that if such an affidavit was furnished, the defendant was justified in paying over the money. The ^sufficiency, therefore, of the affidavit for the purpose it was intended for, became a material question ; and whether it was a question of law or fact, it could not be determined by either court or jury, without the production of the paper. If, as a matter of law, it was held to be insufficient, then it was not in evidence, and the court had no right to refer to it, or to submit any question arising upon it, to the jury. It is quite evident, I think, that the jury adopted the Views of the court, as to the character of the paper; and following those views, determined that it did not justify the defendant in paying over the money.
As presented to us by the printed case, the submis *465 sion of any question upon the affidavit was probably error. It had not been read to the jury, and was not before them for any purpose. They, therefore, could not determine any question which it might be claimed arose upon it. Instead, therefore, of submitting any question to the jury, the court ought to have directed a verdict for the plaintiff.
How, then, has the defendant been prejudiced % A verdict in his favor would have been set aside, as having no evidence to support it. The affidavit which was to justify the payment, was not before the jury, and is not in the case. So that the submission of the question to the jury was of no consequence, as the result would necessarily have been the same. But, in any view, the sufficiency of the affidavit, as a performance of the condition authorizing the payment of the money, was not involved as furnishing a defense. At most, it was evidence that the money had been paid over by the authority, and with the consent, of the plaintiff. That would not be a defense to the action. Under the statute, the action lies against the stakeholder, whether he has paid over the money or otherwise ; and it is well settled, that even if paid with the authority and consent, of the depositor, it may be recovered from the stakeholder (Ruckman v. Pitcher, 1 N. Y. 392 ; Same case, 20 Id. 1; Storey v. Brennan, 15 Id. 524).
Under this view of the law, there was no error committed at the trial that was prejudicial to the defense.. There was no defense. The answer set up none, and none was proven, or attempted to be proven, at the-trial. And even if there was error in the submission of the case to the jury, it was error against the plaintiff, who was entitled to an absolute direction of the verdict.
I think the judgment should be affirmed.
Curtis, J., concurred.